**Luis Felipe Hayes DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73602.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Lisa D. Pickering, Esq., Debra Davies–Soshoux, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Susan J. De Witt, Esq., Los Angeles, CA, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Luis Felipe Hayes Diaz, a native and citizen of Guatemala, petitions for review

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ochoa v. Gonzales,* 406 F.3d 1166, 1169 (9th Cir.2005), we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's conclusion that Hayes Diaz did not establish a nexus between the robbery, extortion, and threats he suffered and any actual or imputed political opinion, or any other protected ground. *See id.* at 1171–72. Accordingly, Hayes Diaz has failed to establish eligibility for asylum or withholding of removal. *See id.* at 1172.

We lack jurisdiction to review the denial of protection under the CAT because Hayes Diaz failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Hayes Diaz's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**